The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| GROVER LEE CRAWFORD, SR. & | ) |
| BERNADINE CRAWFORD, | ) CASE NO. 06-62008 |
| | ) |
| Debtors. | ) ADV. NO. 09-06072 |
| | ) |
| | ) JUDGE RUSS KENDIG |
| GROVER LEE CRAWFORD, SR. & | ) |
| BERNADINE CRAWFORD | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| NEW CENTURY MORTGAGE | ) |
| CORPORATION & HOMECOMINGS | ) |
| FINANCIAL NETWORK, INC. | ) |
| | ) |
| Defendants. | ) |

Now before the Court is the motion to dismiss filed on September 24, 2009 by Homecomings Financial Network (hereinafter "Homecomings"). For the reasons discussed

below, Homecomings' motion to dismiss is granted.[1]

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On November 13, 2006, Homecomings filed a claim secured by real estate in the amount of $124,523.59. On June 10, 2009, Grover Lee Crawford and Bernadine Crawford (hereinafter "the plaintiffs") initiated this adversary proceeding against the defendants.

The presentation of facts in the complaint is poorly organized and difficult to follow. The complaint alleges that the plaintiffs took out a mortgage loan to purchase their current residence. The complaint does not indicate when this transaction occurred or how either defendant obtained an interest in the plaintiffs' home.

The complaint also seems to suggest that the defendants and others engaged in a pattern of bad acts. At the closing, the complaint alleges that "an unknown person wrote HOME 123 CORPORATION on the note." Following the closing, the complaint alleges that a notary public notarized the signatures on the mortgage and note despite the plaintiffs not being present. The plaintiffs also allege that following the bankruptcy filing, Homecomings continued to send the plaintiffs statements.

On September 24, 2009, Homecomings filed a motion to dismiss the complaint. As of October 21, 2009, plaintiffs have not responded to Homecomings' motion.

## LAW AND ANALYSIS

Plaintiffs' complaint consists of four counts: violation of automatic stay, fraud, negligence, and "wantonness." For the reasons discussed below, all four counts should be dismissed.

### A. Count I: Violation of the Automatic Stay

Count I alleges that unspecified actions taken by Homecomings are in violation of the automatic stay as set forth in 11 U.S.C. § 362(a)(3). Section 362(a)(3) stays any entity from

---

[1] Homecomings' motion seeks dismissal, or, in the alternative, a more definite statement. Given the plaintiffs' failure to respond to Homecomings' motion, it would be futile to ask the plaintiffs to file a more definite statement. Accordingly, the Court will treat Homecomings' motion as one for dismissal.

engaging in "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Homecomings contends that Count I should be dismissed under Federal Rule of Civil Procedure 12(b)(6), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7012.

Rule 12(b)(6) allows a party to seek dismissal if the opposing party's pleadings fail to state a claim on which relief can be granted. To meet the pleading requirements, the claim alleged must be facially plausible. Ashcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009) (citing Bell Atlantic v. Twombly, 500 U.S. 544, 556 (2007)). A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. To survive a 12(b)(6) motion, the factual allegations in a complaint "must be enough to raise a right to relief above a speculative level." Id. at 570.

Count I must be dismissed under Rule 12(b)(6) as to Homecomings. Plaintiffs cite no facts to support the allegation that Homecomings acted to obtain possession over estate properly, control estate property, or possess property from the estate.

Furthermore, the plaintiffs cite insufficient facts to sustain a claim under any other provision of section 326. The plaintiffs come closest to stating a claim under section 362(a)(6), which prohibits any entity from engaging in "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. . . ." The allegation that the defendant continued sending mortgage statements might support such a claim. However, even if the complaint alleged a violation of section 362(a)(6), dismissal would still be appropriate because the plaintiffs do not allege facts to support an award of actual or punitive damages. See In re Perrin, 361 B.R. 853, 856–57 (6th Cir. 2007) (explaining that actual damages are not recoverable when the plaintiff does not present facts supporting actual damages).

**B. Count II: Fraud**

Count II alleges that unspecified acts committed by Homecomings amounted to fraud. Homecomings claims that the plaintiffs' allegations do not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7009.

Federal Rule of Civil Procedure 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).

The Sixth Circuit requires "a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Coffey v. Foamex,

L.P., 2 F.3d 157, 161–62 (6th Cir. 1993).

Count II does not allege any of the elements required by Coffey. Accordingly, Count II must be dismissed as to Homecomings.

### C. Count III: Negligence

Count III alleges that the defendants violated a fiduciary duty to the plaintiffs and caused emotional and financial injuries. The defendants assert that dismissal is appropriate under Rule 12(b)(6) because no fiduciary relationship exists.

Debtors and creditors typically deal at arm's length. For this reason, the debtor-creditor relationship is generally not a fiduciary relationship under Ohio law. Groob v. Keybank, 843 N.E.2d 1170, 1173–1176 (Ohio 2006). However, a fiduciary relationship may exist when there are special circumstances indicating "an understanding by both parties that a special trust and confidence has been reposed in the creditor. . . ." Id. at 1175.

Count III does not allege special circumstances that would create a fiduciary relationship between the plaintiffs and Homecomings. Therefore, Count III does not state a plausible claim and must be dismissed as to Homecomings.

### D. Count IV: Wantonness

The plaintiffs assert that defendants have committed the tort of "wantonness." Homecomings contends that "wantonness" is not a cause of action under Ohio law and that Count IV should be dismissed under Rule 12(b)(6) as failing to state a claim.

The Court agrees with the defendant. Accordingly, Count IV must be dismissed as to Homecomings.

Because there are no remaining causes of action, plaintiffs' complaint must be dismissed. An order conforming to this Memorandum of Opinion is filed simultaneously.

#   #   #

**Service List:**

Grover Lee Crawford, Sr.
849 Greenfield Drive
Mansfield, OH 44904

Bernadine Crawford
849 Greenfield Drive
Mansfield, OH 44904

NEW CENTURY MORTGAGE CORPORATION
18400 Von Karman, Suite 1000
Irvine, CA 92612

HOMECOMINGS FINANCIAL NETWORK, INC.
C/O GMAC Mortgage Corp.
Attn: MC-507-345-110
3451 Hammond Avenue
Waterloo, IA 50702

Nathan A Wheatley
Calfee, Halter & Griswold LLC
1400 KeyBank Center
800 Superior Avenue
Cleveland, OH 44114

Zoe Carlisle
Calfee Halter & Griswold, LLP
1400 KeyBank Center
800 Superior Ave E
Cleveland, OH 44114